# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **LARHONDA BURTON,** | ) | **CASE NO.1:17CV300** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CLEVELAND HEIGHTS/UNIVERSITY** | ) | **ORDER** |
| **HEIGHTS BOARD OF EDUCATION** | ) | |
| | ) | |
| Defendant. | ) | |

---

| | | |
|---|---|---|
| **CLEVELAND HEIGHTS/UNIVERSITY** | ) | **CASE NO.5:17CV553** |
| **BOARD OF EDUCATION** | ) | |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **DANIEL R. BACHE, ET AL.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

On February 13, 2017, in Case No. 1:17CV300, LaRhonda Burton, on her own behalf and as guardian for her minor child alleges her son was denied access to a Free Appropriate Public Education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA") along with several other claims. On March 16, 2017, in Case No. 1:17CV553, Cleveland Heights/University Heights Board of Education filed its Complaint against attorneys Jason Wallace, Daniel Bache and their law firm, seeking to recover the fees it expended during the administrative proceedings arising from the Burton's IDEA action because the above named

attorneys and their law firm allegedly filed or continued to litigate frivolous, unreasonable claims or presented those claims for an improper purpose, including delay, harassment or to increase litigation costs. On June 23, 2017, the Court stayed all briefing in the above-captioned cases and ordered the parties to show cause concerning potential conflicts of interest arising from Plaintiffs' counsels' representation of Plaintiffs while simultaneously representing themselves as Defendants in the Cleveland Heights case. The Court's Show Cause Order required counsel address the following questions:

1) Are there any conflicts in your continued representation of the Burtons and/or your continued self-presentation?

2) If there are conflicts, are they waivable?

3) If waivable, do your clients waive any potential conflicts?

The Show Cause Order was fully briefed by July 28, 2017 and is ripe for ruling.

According to Plaintiffs and their counsel Jason Wallace, Daniel Bache and Wallace & Bache LLC, the United States District Court for the Northern District of Ohio applies the Ohio Rules of Professional Conduct when addressing attorney conflict of interest issues. Plaintiffs and counsel represent that there is no conflict as their interests are aligned such that if Plaintiffs prevail in their action Defendant's claim for fees would necessarily be rendered moot. Furthermore, Plaintiffs' counsel contend they have expertise in the field of IDEA actions where such expertise in Ohio is rare. Requiring Plaintiffs to obtain new counsel would create a substantial hardship as they would be forced to incur additional expense in obtaining counsel with the requisite expertise who would be willing to work on a contingent fee basis.

Furthermore, counsel inquired of the Ohio Supreme Court Disciplinary Counsel and was

advised that they saw no conflict in their continued representation of Plaintiffs in the IDEA action while also defending the UH/CH fee claim. Furthermore, Plaintiffs and their counsel contend that the Court's stay of Defendant's fee claim nullifies any potential conflict of interest. Lastly, although they dispute any conflict of interest, Plaintiffs are willing to waive any conflict of interest.

Defendant contends unwaivable conflicts of interest require Plaintiffs' counsels' removal from both the IDEA claim and the fee claim. Defendant argues Plaintiffs' counsels' interests do not align with Plaintiffs' and consequently, counsel will be unable to provide detached advice. Furthermore, according to Defendant, there is nothing unique about the claims in this case and there are a number of legal organizations dedicated to providing legal services at low cost that Plaintiffs could contact. Defendant points the Court to the decisions of another Judge within this district, barring these same counsel from representing a plaintiff under the same circumstances as are presented here.

## LAW AND ANALYSIS

The ethical standards prescribed by the Ohio Rules of Professional Conduct govern all attorneys practicing before this Court. "Attorneys admitted to practice in this Court shall be bound by the ethical standards of the Code of Professional Responsibility adopted by the Supreme Court of the State of Ohio, so far as they are not inconsistent with federal law." Local Rule 83.7(a), U.S. District Court, Northern District of Ohio; *see also* Local Rule 83.5(b) & (f), U.S. District Court, Northern District of Ohio. Disqualification is one remedy the Court may employ in order to ensure the ethical practice of law. "The Court retains inherent authority to police the ethical conduct of the lawyers who appear before it and to uphold the ethical norms

3

embodied in the Code of Professional Conduct." *United States v. Miller*, 624 F.2d 1198, 1201 (3rd Cir.1980). When considering whether to disqualify counsel "courts must be sensitive to the competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice." *Hamrick v. Union Twp., Ohio,* 81 F. Supp. 2d 876, 878 (S.D. Ohio 2000). Because "disqualification is a drastic measure ... a violation of the Code of Professional Responsibility alone should not result in a disqualification, unless disqualification is found to be absolutely necessary." *Centimark Corp. v. Brown Sprinkler Serv., Inc.,* 85 Ohio App.3d 485, 488-489, 620 N.E.2d 134 (Ohio App.Ct. 11th Dist.1993); accord *Cliffs Sales Co. v. Am. S.S. Co.,* No. 1:07-CV-485, 2007 WL 2907323, at *2 (N.D.Ohio Oct.4, 2007) ("a violation of the rules of professional responsibility does not automatically necessitate disqualification of an attorney"). "Motions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." *Valley–Vulcan Mold Co. v. Ampco–Pittsburgh Corp.*, 237 B.R. 322, 337 (6th Cir. BAP 1999), aff'd 5 Fed.Appx. 396 (6th Cir.2001).

    Defendant argues Plaintiffs' counsels' interests are at odds with Plaintiffs'. Defendant's fee claim alleges Plaintiffs' counsel pursued Plaintiffs' IDEA claim knowing it was frivolous, lacked merit, was factually erroneous unsupported by legal authority and lacked any chance of success. Citing to Official Comment 20 to CPR 1.7(a)(2), Defendant argues the probity of Plaintiffs' counsels' conduct in the IDEA action is in question, therefore, any advice they may give Plaintiffs must necessarily be called into question.

    In addition, according to Defendant, Plaintiffs' counsel may be called as witnesses in Defendant's fee claim.

Ohio's CPR Disciplinary Rule DR 5–102, "Withdrawal As Counsel When The Lawyer Becomes A Witness, reads as follows:

> (B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

Here, the Court finds disqualification is not required at this time. Plaintiffs' claims will be determined largely, if not entirely, on the administrative record, depending on the Court's ruling on Plaintiffs' Motion for Discovery. Furthermore, the Court has stayed Defendant's claim for fees, thus, any conflicts arising from the fee claim have little bearing on the proceedings to address Plaintiffs' claims. Lastly, Plaintiffs have indicated they are willing to waive any conflicts. While Plaintiffs' counsel may be called as witnesses in the fee case, creating a conflict of interest with respect to the fee claim, the present posture of the cases before the Court has, in the Court's opinion, alleviated any concerns of conflict of interest for now. However, if the Court permits discovery in Plaintiffs' IDEA claim, Defendant may seek disqualification should it present sufficient argument or evidence that a conflict exists that would impair the rights of the parties.

For the foregoing reasons, the Court will not disqualify Plaintiffs' counsel at this time as no conflict of interest exists.

IT IS SO ORDERED.

                                        /s/Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        United States District Judge

Dated: December 4, 2017